O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAIN MICHAEL KERR, | ) | Case No. EDCV 12-00782-MLG |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff Shain Michael Kerr ("Plaintiff") seeks judicial review of the Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on October 2, 1980. (Administrative Record ("AR") at 58.) He has work experience as a truck driver, tire changer, and lubrication technician. (AR at 52.) On April 24, 2008, Plaintiff filed applications for DIB and SSI, alleging that he has been disabled

1

since February 1, 2007, due to asthma and back pain. (AR at 11.) The Social Security Administration denied Plaintiff's applications initially and on reconsideration. (AR at 11, 57-58, 62-63.) An administrative hearing was held before Administrative Law Judge ("the ALJ") Maxine R. Benmour on September 22, 2010. (AR at 11.) Plaintiff, who was represented by counsel, testified at the hearing, as did a vocational expert ("VE"). (AR at 11.)

The ALJ issued a decision on October 21, 2010, denying Plaintiff's application. (AR at 11-18.) The ALJ found that Plaintiff suffers from the severe impairments of asthma and chronic obstructive pulmonary disease (COPD), as well as the non-severe impairments of mild degenerative disc disease and osteoporosis. (AR at 13-14.) She determined that while Plaintiff is unable to perform his past relevant work, he has the residual functional capacity ("RFC") to perform a limited range of light work. (AR at 14.) The Appeals Council denied review on March 16, 2012. (AR at 1-3.)

Plaintiff commenced this action for judicial review, and the parties filed a Joint Stipulation of disputed factual and legal issues on October 12, 2012. Plaintiff contends that the ALJ erred in assessing Plaintiff's credibility and rejecting his subjective complaints. (Joint Stip. at 3.) Plaintiff also argues that the ALJ erred in rejecting the opinion of Plaintiff's treating physician, Allen Gorenberg, M.D. (Joint Stip. at 9.) Plaintiff seeks remand for further proceedings, while the Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 16.)

//
//
//

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882

**III. Discussion**

**A. The ALJ Improperly Evaluated Plaintiff's Credibility**

Plaintiff argues that the ALJ failed to properly evaluate his credibility regarding his subjective complaints in determining his RFC. At the hearing, Plaintiff testified that his asthma and related conditions have been gradually getting worse over the years and finally reached a point that prevented him from working in 2007. (AR at 31.) He stated that due to problems including wheezing, shortness of breath, and

coughing, he uses albuterol every three or four hours. (AR at 32.) The albuterol helps sometimes. (AR at 32-33.) Frequently, he also suffers from severe attacks which necessitate the use of a breathing machine or require him to go to the hospital. (AR at 33-34.) About two days per week he spends most of the day in bed due to pain and shortness of breath. (AR at 47.) He tries to limit his visits to the hospital and his doctor because he cannot afford them and does not have insurance. (AR at 36, 40.) Regarding daily activities, Plaintiff testified he usually watches television and uses his computer for a few hours. (AR at 43.) He lives with his parents and cleans his room and occasionally does the dishes, but he cannot vacuum or dust. (AR at 40.) Sometimes, he works in the garage on his motorcycles, and every couple of months, he goes for a local ride with friends. (AR at 44-45.) He also goes to the store and drives his siblings to work or school several times a week, but not if he is not having a bad day. (AR at 45, 48.)

To determine whether a claimant's testimony about subjective pain or symptoms is credible, the ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). Once the claimant produces such evidence, "an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Rather, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints, unless there is affirmative evidence showing that the claimant is malingering. *Robbins*, 466 F.3d at 883.

Here, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (AR at 16.) However, the ALJ rejected as not credible Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms" to the extent they are inconsistent with the ALJ's RFC determination. (AR at 16.) As there was no evidence of malingering, the ALJ was required to provide clear and convincing reasons for rejecting this testimony.

The ALJ listed multiple reasons for rejecting Plaintiff's testimony, none of which are supported by substantial evidence. First, the ALJ stated that Plaintiff testified that his asthma is basically under control with the use of albuterol, and that he is able to function for two to three hours at a time when he gives himself a breathing treatment. (AR at 16.) This mischaracterizes Plaintiff's testimony. Plaintiff testified that albuterol helps sometimes but not when he is having a severe attack. (AR at 32-33.) During severe attacks, which occur frequently, he must go to the hospital or use a breathing machine that he keeps at home.[1] Furthermore, none of the physician opinions in the record, including those of the two state agency reviewing physicians, explicitly opines on whether albuterol keeps Plaintiff's asthma under control or the extent of his functioning after breathing treatment. (AR at 214-18, 226-30, 247-48.)

Next, the ALJ discredited Plaintiff's symptom testimony based on his daily activities, which the ALJ found to be inconsistent with

---

[1] It appears from the record that this breathing machine can only be used while hooked up, unlike an inhaler. (AR at 33-34.) To the extent the machine could be brought to work and used there, the ALJ did not include the requirement of breaks to use it in the hypothetical given to the VE. (AR at 52.)

5

disabling impairment. (AR at 16.) A disability claimant's daily activities "may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (internal quotation marks omitted). Here, however, the limited activities Plaintiff engages in are not inconsistent with his testimony regarding his symptoms. None of the activities lasts longer than a couple of hours, and their performance is therefore consistent with Plaintiff's testimony that sometimes using albuterol stops him from having an asthma attack for three or four hours. Additionally, Plaintiff testified that he only engages in the more exertional activities, such as giving his siblings a ride, when he is not having a bad day, and therefore these activities are not inconsistent with his testimony that he generally spends two days per week in bed. In short, these limited activities are not the sort that are easily transferable to a work setting "'where it might be impossible to periodically rest or take medication.'" *Blau v. Astrue,* 263 Fed.Appx. 635, 637 (9th Cir. 2008) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The fact that Plaintiff is not "utterly incapacitated" does not prevent a finding of disability nor render his symptom testimony not credible. *See Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001) (citing *Fair,* 885 F.2d at 603).

    The ALJ also rejected Plaintiff's symptom testimony as not credible based on the fact that Plaintiff had only been hospitalized once, for twelve hours, in the year prior to the hearing. (AR at 16.) "[A]n unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a number of

good reasons for not doing so applies." *Orn*, 495 F.3d at 638 (9th Cir. 2007) (internal citations and quotation marks omitted). One such "good reason" for failing to seek treatment is the inability to afford it. *Id*. Here, Plaintiff did not have insurance and could not afford more extensive treatment. (AR at 36, 40, 285, 288, 289). He testified that when he has gone to the hospital, "they usually don't keep me long," because of his lack of insurance. Furthermore, despite his lack of resources, Plaintiff did see his treating physician, Dr. Gorenberg, on a near monthly basis in the years prior to the hearing. (AR at 49.) Under these circumstances, the lack of additional hospitalizations is not a clear and convincing reason for finding Plaintiff not credible.

Finally, the ALJ found that Plaintiff has been able to work at demanding occupations while suffering from asthma and related conditions, and that there was no evidence that his impairments have become worse over time. (AR at 16.) The ALJ did not state on what evidence she based her conclusion that Plaintiff's symptoms have not deteriorated over time. While not entirely clear, the treatment records from Dr. Gorenberg do seem to show that his impairments have worsened. (*See* AR at 250-314.) For example, a note from a visit in 1999 states that Plaintiff was there for a checkup but "feels fine," (AR at 270), while a progress note from late 2007 note that Plaintiff's asthma is "wildly uncontrolled." (AR at 282.) There is no evidence in the record demonstrating that Plaintiff's impairments were as severe during the years that he was employed as he now claims them to be.

In sum, the reasons given by the ALJ for rejecting Plaintiff's testimony were not supported by substantial evidence in the record and were therefore insufficient to reject his testimony regarding his symptoms and related limitations.

**IV.  Conclusion**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this case, remand for a new hearing is appropriate to properly consider the Plaintiff's testimony.

Accordingly, the decision of the Commissioner is reversed, and this action is remanded for further proceedings consistent with this opinion and order.[2]

DATED: October 31, 2012

_____
Marc L. Goldman
United States Magistrate Judge

---

[2] Because the matter is being remanded for a new hearing, the Court will not address the claim relating tot he testimony of the treating physician.